[No. 15936. Department One. January 7, 1921.]

HARRIET E. VERNON, *Respondent,* v. C. W. ANTILL *et al.,*
*Appellants.*[1]

BROKERS (13) — PERFORMANCE OF CONTRACT OF EMPLOYMENT. Money paid to a broker may be recovered back where, under a written contract, he agrees to procure within three days, a three-year lease for a specified rental, with an option of two additional years, or the return of the sum paid, and the instrument which he procured was for three years only with no provision for the additional years, notwithstanding evidence that the lessors were willing to give the two-year extension but not to embody such provision in the written lease.

APPEAL (438)—REVIEW—HARMLESS ERROR—DEMURRER. Defendant cannot assign error in overruling a demurrer to a second cause of action where at the trial no recovery was allowed thereon.

[1]Reported in 194 Pac. 806.

Appeal from a judgment of the superior court for King county, Jurey, J., entered October 20, 1919, in favor of the plaintiff, in an action to recover money paid to a broker, tried to the court. Affirmed.

*H. E. Foster,* for appellants.

BRIDGES, J.—In April, 1919, the parties hereto entered into a written agreement which provided that the appellants were to procure for the respondent a lease on what is known as the "Bovingdon Apartments," in Seattle, Washington. This agreement provided that the lease was to be for three years, with the option of two additional years, with monthly rental of $250. At the time of the execution of this instrument, the respondent paid appellants $250 in cash. It is difficult from the written instrument to determine whether this $250 payment was for services to be rendered by the appellants or for some other purpose in connection with the lease. At any rate, the contract provided that the appellants should return that sum unless the lease as provided for was obtained within three days from the date of the contract. The respondent brought suit for the recovery of the $250 paid.

The first cause of action alleged, among other things, that the appellants had agreed to obtain a lease of the nature hereinbefore mentioned and had failed so to do, and had refused to return the $250 paid in cash, and sought judgment therefor.

The second cause of action made all of the first cause of action a part thereof, and, in addition thereto, alleged that, at the time the contract was entered into, the appellants falsely and fraudulently represented that they were the authorized representatives of the owners of the premises to be leased, and could obtain the lease directly from such owners, but, as a matter

of fact, John Davis & Company were the agents of such owners, and the appellants knew they would have to deal with John Davis & Company in order to obtain such lease, and that, because of such misrepresentation, the plaintiff has been damaged in the sum of $250.

The defendants presented various motions and demurrers to each of these two causes of action, all of which were overruled and denied. The case was tried to the court without a jury, and at the conclusion of the trial, he ruled that he would not allow any recovery on the second cause of action, but would allow the respondent to recover on her first cause of action. The first cause of action unquestionably stated facts sufficient to justify a recovery, and as to it the demurrer was properly overruled. The court having refused to allow any recovery on the second cause of action, it has now become immaterial whether the demurrers and motions thereto were well taken.

The appellants contend that they furnished to respondent the lease contracted for, and that, because she refused to accept it, she has forfeited the $250 cash payment. The trial court, however, entered judgment for the respondent in the sum of $250. The appeal is from that judgment.

The contract entered into is specific and definite to the effect that the appellants were to procure a three-year lease to the property in question, with the privilege of two additional years, all at a monthly rental of $250, and such lease was to be procured within three days. The testimony shows that the appellants did not, within the three days, or at all, present to the respondent a lease such as that above mentioned. The leasehold instrument presented to the respondent was for three years only, and contained no provision whatsoever for an additional two years. The court per-

mitted testimony to the effect that the owners of the property were willing to give the two-year extension, but were not willing to embody such provision in the written lease. The respondent was entitled to insist that the provision for the two additional years should be embodied in the written lease, and she was not obligated to accept any lease which failed to contain such provision. The two-year provision was an important feature and the contract provided for it. Appellants could not perform the obligation imposed on them till they presented a lease which contained this provision, unless respondent waived it, which she did not.

The testimony shows that respondent also objected to many other features of the lease presented to her and which were not referred to in the original contract. Appellants answer these objections by contending that, since the contract was silent as to these provisions, and since they were those usually contained in such leases, respondent will not be heard to complain of them. This situation raises an interesting question, which it is not necessary for us now to decide, because we have held that the lease did not, in other respects, comply with the contract.

The judgment is affirmed.

Holcomb, C. J., Mackintosh, Parker, and Fullerton, JJ., concur.